UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK AARON DEAN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 1:16-cv-01880-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

**INTRODUCTION**

Plaintiff Patrick Aaron Dean ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DBI") under Title II of the Social Security Act.[1] The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.

The Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

**FACTS AND PRIOR PROCEEDINGS**

On June 20, 2013, Plaintiff filed an application for disability insurance benefits. AR 190-210, 220.[2] Plaintiff alleged that he became disabled on April 15, 2007, due to seven major surgeries, sickle cell trait, high blood pressure, knee and back injuries, right hand and testicular pain. AR 128, 225-26. Plaintiff's application was denied initially and on reconsideration. AR 128-32, 137-41. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Trevor Skarda held a hearing on July 28, 2015, and issued an order denying benefits on August 25, 2015. AR 20-30, 34-52. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-6, 16-17. This appeal followed.

**Hearing Testimony**

The ALJ held a hearing on July 28, 2015, in Stockton, California. Plaintiff appeared with his attorney, Alex Patunich. Impartial Vocational Expert ("VE") Ann Wallace also appeared. AR 36.

In response to questioning by the ALJ, Plaintiff testified that he was 48 years old. He had completed the eleventh grade and received a GED. He last worked in March 2006, and did not think he would be able to return to his past work or any other job. When asked what prevented him from working, Plaintiff testified that he has substantial pain in his right knee daily and that he was going to have reconstructive surgery. Although he did not have that on paper, he was going to have an MRI. Plaintiff explained that he had certain situations where his knee buckled or locked into place. If he walks for a certain length of time, his knee buckles and he cannot prevent himself from falling unless he has his cane. He has been using the cane for six weeks, but it was not prescribed by a doctor. He does not have pain in his left knee. AR 39-40. Plaintiff also testified that he has low back pain every day. He thought it was due to weight, but he exercises to maintain his health. He also has ongoing testicular pain for which he may have a second surgery and pain in his right rotator cuff. AR 41.

When asked about his abilities, Plaintiff testified that he has difficulty walking for long periods of time. He can walk 30 to 45 minutes and sit for about the same time without needing to get up and stretch. He can lift 15 to 20 pounds. AR 41-42.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

When asked about his daily activities, Plaintiff reported that he gets his 12-year-old daughter ready for school, takes care of his disabled wife by feeding her, and cooks and cleans around the house. His wife has a physical impairment and Plaintiff has to cook and wash clothes. He has his daughter sweep and mop because he cannot stand for very long. He can stand about 30 minutes before having to sit down. AR 42-44.

When asked about his past work as manager of a pizza company, Plaintiff testified that he was managing three or four people, but was not responsible for hiring or firing. He set up work schedules for a mom and pop store. He was a lead pizza delivery person and delivered pizzas for quite a few years. He started out primarily delivering pizzas, but other responsibilities were added, such as delivering cash to the bank and scheduling other drivers. AR 45-48.

Following Plaintiff's testimony, the ALJ elicited testimony from VE Ann Wallace. The VE testified that Plaintiff's past work was classified as pizza baker. For the first hypothetical, the ALJ asked the VE to consider a person of Plaintiff's age, education and work experience limited to medium work, could frequently climb, balance, stoop, kneel, crouch and crawl, but must avoid concentrated exposure to extreme cold, extreme heat and wetness. The VE testified that this person could perform Plaintiff' past work as a pizza cook. The VE further testified that such an individual could perform an unskilled job at that level, such as dish washer and box maker, hand packager. AR 48-49.

For the second hypothetical, the ALJ asked the VE to consider an individual limited to light work with occasional reaching, handling and fingering bilaterally and preclusion from climbing ladders, ropes or scaffolds. The VE testified that this individual could perform other work such as a security guard or parking lot attendant. AR 49-50.

For the third hypothetical, the ALJ asked the VE to consider an individual limited to light work, but every hour would be off task a total of fifteen minutes because of the need to get up and walk around. The VE testified that there would not be any work that this person could perform. For the fourth hypothetical, the VE confirmed that if a person could sit, stand and walk in the aggregate less than eight hours there would be no work that the person could perform. AR 50-51.

///

///

3

**Medical Record**

The relevant medical record was reviewed by the Court, and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 20-30. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since June 20, 2013, his application date. The ALJ identified right shoulder injury, right knee pain and obesity as severe impairments. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 25-26. Based on a review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work except he could frequently climb, balance, stoop, kneel, crouch and crawl and must avoid concentrated exposure to extreme cold, extreme humidity and wetness. AR 26-28. The ALJ further determined that Plaintiff did not have past relevant work. However, with his RFC, the ALJ found that there were jobs existing in the national economy that Plaintiff could perform, such as box maker, dish washer, security guard and parking lot attendant. AR 28-29. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 29-30.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g.,*

1  *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's
2  determination that the claimant is not disabled if the Commissioner applied the proper legal standards,
3  and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of*
4  *Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

Plaintiff argues that the ALJ failed to provide sufficient reasons for rejecting Plaintiff's credible testimony.  The Court disagrees.

In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis.  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).  First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged.  *Garrison*, 759 F.3d at 1014.  If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so.  *Id.* at 1015.[4]

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

[4] At the time of the ALJ's decision, SSR 96-7p, 1996 WL 374186, was in effect and explained the factors to be considered in assessing credibility.  The Court acknowledges that SSR 96-7p was superseded on March 28, 2016, by SSR

Here, the ALJ found that Plaintiff satisfied the first step of the analysis and made no finding of malingering. At the second step of the analysis, however, the ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ." AR 27. Therefore, the ALJ's reasons for discounting the alleged severity of Plaintiff's symptoms must be specific, clear and convincing. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015).

The Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's testimony. First, the ALJ discounted Plaintiff's use of a cane, finding that it was not necessary and that he had only used it for six weeks. AR 27. An ALJ may discount a claimant's credibility where the claimant's testimony or behavior is inconsistent with his own statements or actions, as well as with the medical evidence. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ offered clear and convincing reasons to discount claimant's testimony, noting that the claimant "had walked slowly and used a cane at the hearing, although none of his doctors had ever indicated that he used or needed to use an assistive device in order to walk" and two doctors "specifically noted that the [claimant] did not need such a device"). In this case, the consultative examiner expressly determined that Plaintiff did not require an assistive device, and Plaintiff admitted that the cane had not been prescribed. AR 40, 336. Although lack of medical evidence cannot form the sole basis for discounting a claimant's testimony, it is a factor that the ALJ can consider. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ considered objective medical findings in discounting claimant's allegations regarding severe low back pain).

In addition to the lack of medical evidence to support the use of a cane, the ALJ also discounted Plaintiff's subjective testimony regarding his limitations in light of the consultative examiner's objective findings and opinion. AR 27. According to the record, Dr. Dale H. Van Kirk completed an orthopedic evaluation of Plaintiff on October 9, 2013. During the evaluation, Plaintiff was able to sit comfortably, get up and out of the chair, walk around the examination room and get on

---

16-3p. SSR 16-3p was republished on October 25, 2017, 2017 WL 5180304., and makes clear that the ALJ will apply SSR 16-3p only when making decisions on or after March 28, 2016, and federal courts will review an ALJ's decision using the rules that were in effect at the time the decision issued. *Id.* at 5180304, n. 27. The decision in this case was rendered prior to March 28, 2016, before SSR 16-3p became effective, and thus the Court will not apply SSR 16-3p in this matter.

and off the table "without difficulty," and Dr. Van Kirk detected only "a very slight limp favoring the right knee." AR 334. When asked to squat down and take a few steps, Plaintiff was able to squat about three-quarters of the way down and take a step. He also was observed to have a normal heel-toe gait pattern. AR 335. On examination, Plaintiff had full range of motion of the cervical spine, full range of motion of the left and right knee joints and full range of motion of the right shoulder. AR 335-36. His straight leg raise was 90/90 degrees bilaterally in the sitting and supine positions. He had normal motor strength, 5/5 in the upper and lower extremities bilaterally. AR 336. Following examination, Dr. Van Kirk opined that Plaintiff should be able to stand and/or walk cumulatively for six hours out of an eight-hour day, he had no limitations on his sitting, an assistive device was not medically necessary, he should be able to lift and carry 25 pounds frequently and 50 pounds occasionally, he was limited to frequent postural activities, and he had no manipulative limitations, but he should not be required to work in an extremely cold and/or damp environment. AR 336-37. The ALJ gave great weight to Dr. Van Kirk's opinion (AR 28), and that opinion further supports the ALJ's credibility determination. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) ("In addition, the medical evidence, including Dr. Eather's report and Dr. Neville's report—which both found [claimant] could perform a limited range of work—support the ALJ's credibility determination"). Plaintiff has not challenged the examining physician's opinion.

Second, the ALJ discounted Plaintiff's reported limitations because Plaintiff was "able to perform a host of daily activities including caring for his disabled wife and his children." AR 27. An ALJ may properly consider a claimant's daily activities when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989) (the nature of daily activities may be considered when evaluating credibility). Moreover, in evaluating a claimant's credibility, an ALJ may consider inconsistencies between the claimant's testimony and the claimant's conduct and whether the claimant engages in daily activities inconsistent with the alleged symptoms. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Plaintiff testified at the hearing that he cared for his 12-year-old daughter and his physically disabled wife. AR 42. He also performed a variety of household activities, including getting his daughter ready for school, cooking, cleaning, washing clothes and feeding and caring for his wife. AR 42-43. The Court finds that the ALJ appropriately determined that Plaintiff's testimony

regarding his activities undermined his claim that he could not perform any work. Even where those activities suggest some difficulty functioning, they are grounds for discrediting Plaintiff's testimony to the extent that they contradict claims of a totally debilitating impairment. *Molina*, 674 F.3d at 1113.

Third, the ALJ considered Plaintiff's poor work history. AR 27. "An ALJ is required to consider work history when assessing credibility." *Matthews v. Berryhill*, No. 1:16-cv-00536-SKO, 2017 WL 3383118 at *12 (E.D. Cal. Aug. 7, 2017 (citing 20 C.F.R. § 404.1529(c)(3) and Social Security Ruling 96-7p)). "Evidence of a poor work history is a clear and convincing reason to discredit plaintiff's credibility. *Id.* (citing *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The ALJ's finding of a poor work history is supported by the record. Plaintiff's earnings records demonstrate that although he earned $13,604.25 in 2000, he had no earnings in 2003, 2004, and from 2008-2014, and he earned less than $4,000 in the years 1999, 2001, 2002, 2005, 2006 and 2007. AR 219. Plaintiff has not challenged the ALJ's determination that he had a poor work history.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Patrick Aaron Dean.

IT IS SO ORDERED.

Dated: __**March 20, 2018**__             /s/ *Barbara A. McAuliffe*
                                                                              UNITED STATES MAGISTRATE JUDGE